**COMMONWEALTH of Pennsylvania**

v.

**Antonio Lopez OTERO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 2004.
Filed Oct. 8, 2004.

Frank C. Arcuri, York, for appellant.

Scott P. Rigdon, Asst. Dist. Atty., York, for Com., appellee.

Before: FORD ELLIOTT, ORIE MELVIN, and BOWES, JJ.

FORD ELLIOTT, J.

¶ 1 Antonio Lopez Otero appeals from the judgment of sentence of January 6, 2003. Because we determine that appellant's issues have been waived, we affirm.

¶ 2 On November 13, 2002, following a jury trial, appellant was found guilty of delivery of a controlled substance and criminal conspiracy to deliver a controlled substance. On January 6, 2003, appellant was sentenced to serve two to four years' incarceration on the delivery conviction, and one to two years' incarceration on the conspiracy conviction, to be served concurrently. No direct appeal was taken.

¶ 3 On October 9, 2003, appellant filed a *pro se* PCRA[1] petition, and present counsel was appointed. On December 8, 2003, following a hearing, appellant's direct appeal rights were reinstated. On December 10, 2003, a timely notice of appeal was filed. On December 11, 2003, appellant was ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.App.P.1925(b) within 14 days.[2]

---

1. Post–Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546.

2. Pa.R.App.P.1925(b) provides:

**(b) Direction to file statement of matters complained of.** The lower court forthwith may enter an order directing the appellant

Appellant filed a petition for extension of time in which to file his 1925(b) statement pending receipt of the trial transcript, which was denied on December 16, 2003.[3] The trial transcript was filed on January 23, 2004.

¶ 4 On February 17, 2004, the Honorable John S. Kennedy filed his 1925(a) opinion stating that he was unable to prepare an opinion addressing appellant's substantive issues on appeal, as appellant had not yet filed a 1925(b) statement. On March 2, 2004, the record was transmitted to the Superior Court of Pennsylvania. On April 5, 2004, appellant filed a concise statement pursuant to Rule 1925(b), in which he claims the evidence was insufficient to support his conviction for criminal conspiracy. On April 26, 2004, Judge Kennedy filed a supplemental 1925(a) opinion, stating the record had already been submitted to this court and he was without information sufficient to write a substantive opinion. Judge Kennedy also noted that appellant's 1925(b) statement was not filed until April 5, 2004, four months after his order.

¶ 5 Appellant raises one issue on appeal: "Was The Evidence Insufficient, As A Matter Of Law, To Sustain Appellant's Conviction For Conspiracy To Deliver Drugs, Where The Facts Adduced At Trial Failed To Establish Any Agreement Between the Appellant, His Co–Defendant or any other individual?" (Appellant's brief at 4.)[4]

¶ 6 The Commonwealth filed its brief on May 27, 2004, asserting that appellant's issue is waived as he failed to file a timely 1925(b) statement. Appellant filed a reply brief on June 8, 2004, in which he states his failure to file a timely 1925(b) statement should be excused, as the trial transcript was not filed with the clerk of courts until January 23, 2004; and, for the first time, he raises the issue of the trial court's abuse of discretion for failing to grant his petition for an extension.

 ¶ 7 Issues presented before this court for the first time in a reply brief are waived. *See* Pa.R.App.P. 2113 (scope of the reply brief is limited to matters raised by appellee and not previously addressed in appellant's brief). In *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999), our supreme court stated:

> Thus, an appellant is prohibited from raising new issues in a reply brief. Moreover, a reply brief cannot be a vehicle to argue issues raised but inadequately developed in appellant's original brief. When an appellant uses a reply brief to raise new issues or remedy deficient discussions in an initial brief, the appellate court may suppress the non-complying portions.

*Id.* at 323 n. 8, 737 A.2d at 219 n. 8 (citations omitted); *Commonwealth v. Bracey*, 568 Pa. 264, 275 n. 5, 795 A.2d 935, 941 n. 5 (2001). Neither appellant, in his original brief, nor appellee raised the issue of the trial court's denial of appellant's petition for an extension of time to file his 1925(b) statement; therefore, that issue is waived. In fact, appellant's original brief to this court makes no mention of the fact that his statement was filed late, nor provides any reasons therefor.

to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

**3.** Appellant's present counsel, Frank C. Arcuri, Esq., was not trial counsel.

**4.** We note that appellant's brief was filed late, on May 14, 2004.

■ ¶ 8 In the seminal case of *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), our supreme court held that an appellant's failure to comply with the trial court's order to file a concise statement constitutes waiver: "[F]rom this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* at 420, 719 A.2d at 309. The purpose of the rule is to aid trial judges in addressing the issues raised by an appellant on appeal:

> The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

*Id.* at 419, 719 A.2d at 308. In *Commonwealth v. Butler,* 571 Pa. 441, 445, 812 A.2d 631, 633 (2002), our supreme court reaffirmed its holding in *Lord* and applied it to PCRA petitions as well as direct appeals: "In *Lord,* however, this Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925 .... Thus, waiver under Rule 1925 is automatic." Certainly, the facts of this case present one of those procedural catch–22's that surely the *Lord* holding did not envision, but which nevertheless applies.

¶ 9 In his reply brief, appellant relies upon this court's decisions in *Commonwealth v. Moran,* 823 A.2d 923 (Pa.Super.2003), and *Middleton v. Middleton,* 812 A.2d 1241 (Pa.Super.2002) *(en banc ).* In *Moran,* the appellant complied with the trial court's order to file a 1925(b) statement. Subsequently, while the case was on appeal to this court, the appellant filed a motion in the trial court to amend his 1925(b) statement *nunc pro tunc.* The appellant stated that when he filed the original 1925(b) statement, the sentencing and guilty plea proceedings had not been transcribed. *Moran, supra* at 924. The sentencing transcript was not filed until two weeks after the appellant filed his concise statement. Furthermore, the appellant had still not received the guilty plea transcript. Thus, the appellant sought leave to amend his 1925(b) statement to include additional sentencing issues that came to light after he had read the transcript, and sought permission to further amend his 1925(b) statement within 14 days of the guilty plea transcript being filed. *Id.* The trial court never ruled on this motion.

¶ 10 We remanded for the filing of a supplemental 1925(b) statement and trial court opinion, stating:

> In this case, however, Moran was not provided with the transcripts of the sentencing and guilty plea proceedings before he filed his original 1925(b) statement. Upon receiving and reviewing the sentencing transcript, he promptly filed a motion to amend his 1925(b) statement *nunc pro tunc* to include additional issues related to the sentencing and guilty plea proceedings. Because we find that Moran made a reasonable attempt to preserve his appellate rights with respect to these issues, we do not find these claims waived.

*Id.* at 926. We also noted, "Indeed, we question whether the trial court's failure even to consider Moran's motion to amend his 1925(b) statement under these circumstances, coupled with its failure to prepare an opinion, was an abuse of discretion." *Id.* at 926 n. 4.

¶ 11 In *Moran,* the sentencing transcript was filed on April 3, 2002, and the appellant filed his motion to amend *nunc pro tunc* on May 20, 2002. The guilty plea

transcript was filed on May 23, 2002. In the case *sub judice,* the trial transcript was filed on January 23, 2004. Appellant filed no motion for leave to file a 1925(b) statement *nunc pro tunc,* and indeed did not file his 1925(b) statement until April 5, 2004, after the record had already been transmitted to this court. This cannot be said to have been "prompt" action on the part of appellant, or that he made a "reasonable attempt" to preserve his appellate rights. *Cf. Moran, supra.* We note that this was a one-day trial in which three witnesses testified. A ten-week delay from the filing of the trial transcript for appellant to review it and prepare a 1925(b) statement, in which he raises a single issue, is inherently unreasonable under the facts of this case. Appellant's unexplained delay prevented the trial court from preparing a substantive opinion addressing the issue, thereby hampering effective appellate review.

¶ 12 In *Middleton v. Middleton,* 812 A.2d 1241 (Pa.Super.2002) (*en banc*), a panel of this court had initially dismissed the appeal for failure to file a 1925(b) statement. It became apparent that, in fact, the trial court had granted the appellant an unlimited extension of time within which to file the 1925(b) statement. The trial judge had told counsel that she was very involved in the case and was sufficiently familiar with the appellant's arguments that she could address the issues without the benefit of a 1925(b) statement. Therefore, we concluded there was no waiver of the appellant's issues on appeal. *Id.* at 1242–1243.

¶ 13 Clearly, *Middleton* is inapplicable to this case. There is no dispute that appellant filed a timely motion for an extension of time within which to file his

1925(b) statement, which was denied. At that point, appellant's only recourse was to file a 1925(b) statement without the benefit of the trial transcript, and promptly seek leave to amend after having received the transcript which was filed on January 23, 2004. Certainly, a challenge to the sufficiency of the evidence is a "boilerplate" type of claim that could have been anticipated. As in *Moran,* this might have constituted a "good faith" effort to preserve appellant's issues on appeal. Unlike *Moran,* however, appellant did not file a 1925(b) statement until April 5, 2004, approximately ten weeks after the transcript had been filed and after the lower court record had already been submitted. This is a clear violation of the bright-line rule for waiver established by *Lord* and its progeny, and although we are not unsympathetic to the situation in which appellate counsel found himself, we are constrained to dismiss the appeal on that basis.[5]

¶ 14 Judgment of sentence affirmed.

---

5. We note that although we find appellant's issue to be waived, and affirm on that basis, a review of the trial transcript reveals sufficient evidence of a conspiracy to support appellant's conviction; in fact, at trial, defense counsel relied on a theory of mistaken identity.