COMMONWEALTH of Pennsylvania, Appellee

v.

**Steven GRAVELY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 17, 2006.
Filed Feb. 23, 2007.

---

Jennifer Horvath, Public Defender, Philadelphia, for appellant.

Jonathan M. Levy, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, PANELLA, and JOHNSON, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following Appellant's conviction on the charges of rape and sexual assault.[1] Appellant's sole issue on appeal is that the trial court erred in permitting the Commonwealth to enter into evidence the police's investigation interview record, which memorialized Appellant's pre-trial statements, which he gave to the police.[2] We find Appellant's issue to be waived on appeal, and, therefore, we affirm.

¶ 2 The relevant facts and procedural history are as follows: Appellant was arrested and charged in connection with the rape and assault of S.E. On May 31, 2005, Appellant proceeded to a hearing on a motion in limine.[3] During the hearing, Appellant contended the investigation interview record contained statements pertaining to Appellant's consensual sexual encounters with four women and his "friend's" raping of the victim at issue. Appellant contended that, since he never confessed to the crime at issue, the investigation interview record should be excluded in its entirety or redacted since it contained prejudicial and irrelevant statements. The Commonwealth, on the other hand, argued the investigation interview record was admissible in its entirety since the record contained statements related to facts occurring in the subject rape, including the fact Appellant uses a silver handgun and wears a dickey. At the conclusion of the hearing, the trial court permitted the Commonwealth to admit the investigation interview record into evidence.

¶ 3 Appellant proceeded to a bench trial, and he was convicted of the offenses indicated supra. On September 1, 2005, the trial court sentenced Appellant to an aggregate of forty-two months to ninety months in prison. This timely appeal followed.

¶ 4 By order entered on October 17, 2005, the trial court directed Appellant to file a Pa.R.A.P.1925(b) statement within fourteen days, and Appellant's counsel was served with the trial court's order on that

---

1. 18 Pa.C.S.A. §§ 3121 and 3124.1, respectively.

2. The police investigation interview record was entered into evidence as Commonwealth Exhibit 5.

3. We note the motion in limine has not been provided to this Court for review. Moreover, the record is inconsistent as to whether the motion in limine was filed by Appellant, who sought to exclude the statements, or by the Commonwealth, who sought to introduce the statements. Such information is relevant for preservation and burden of proof purposes. This Court made numerous informal inquiries attempting to locate the missing motion in limine but we were unsuccessful in our endeavors. We remind Appellant that he has the burden of ensuring that the certified record is complete for purposes of appeal, and his failure to provide this Court with the motion in limine provides an alternate basis for finding waiver in this case. See generally Commonwealth v. Preston, 904 A.2d 1 (Pa.Super.2006).

same day by first class mail. Appellant did not file a timely Pa.R.A.P.1925(b) statement. Rather, after Appellant's counsel had an apparent *ex parte* conversation with the trial judge's law clerk, Appellant filed a letter on October 24, 2005, which stated, in relevant part, the following:

Dear Judge Snite:

I am writing to confirm my conversation with your law clerk, Elizabeth. Your Honor ordered Appellant to submit a statement of matters by October 31, 2005. The notes of testimony are not yet complete. Elizabeth advised me that it is acceptable to submit a statement of matters within fourteen days of the date the notes are completed.

I sent new transcript requests and left messages for the court reporters today.

**If this is not acceptable to Your Honor, please advise me accordingly.**

(emphasis added).

¶ 5 The certified record next contains a notation dated October 24, 2005, indicating "[c]alled attorney for copies of order for transcripts." On October 25, 2005, Appellant filed copies of the written transcript requests. On December 5, 2005, Appellant filed the following letter:

Dear Judge Snite:

I hope you enjoyed your holidays.

Today I received your letter dated November 22, 2005,[4] indicating that the notes of testimony are complete and that I should file the 1925(b) [statement]. I am still missing one set of notes from a motion in limine that occurred on June 1, 2005 before Judge Dembe in Courtroom 707. I have submitted two requests for the notes and have been in regular contact with the court reporter.

He indicated that he would turn them in next week, and that they would be available to counsel shortly after that. I left another message with the court reporter today as to their status and will contact your chambers as soon as I receive word back from him.

**If this is not acceptable to Your Honor, please advise me accordingly.**

(emphasis and footnote added).

¶ 6 On December 16, 2005, Appellant filed a Pa.R.A.P.1925(b) statement raising three issues, and on January 30, 2006, the trial court filed a Pa.R.A.P.1925(a) opinion, indicating that "[o]n December 16, 2005, Appellant timely filed a Statement of Matters Complained of on Appeal." Trial Court Opinion filed 1/30/06 at 2.

¶ 7 Before addressing the merit of the issue raised on appeal, we must determine whether the issue has been properly preserved. It is well-settled that "[i]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 309 (1998). In *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005), the Supreme Court reaffirmed the bright-line rule first set forth in *Lord, supra* and held that issues which are raised in an untimely 1925(b) statement will be deemed waived even if the trial court addresses the issues in its opinion. The Supreme Court specifically voiced its disapproval of prior decisions of this Court which created exceptions to *Lord* and noted that this "system provides litigants with clear rules regard-

---

4. We note the November 22, 2005 letter, to which Appellant refers, does not appear in the certified record or docket entries.

ing what is necessary for compliance and certainty of result for failure to comply." *Castillo*, 585 Pa. at 402, 888 A.2d at 779–780.

■ ¶ 8 Recently, this Court has extended *Castillo* to the filing of untimely supplemental Pa.R.A.P.1925(b) statements without leave of court. *See Commonwealth v. Woods*, 909 A.2d 372 (Pa.Super.2006); *Commonwealth v. Jackson*, 900 A.2d 936 (Pa.Super.2006). In addition, this Court has set forth the procedure, which is to be followed by an appellant when he or she is ordered to file a Pa.R.A.P.1925(b) statement and the notes of testimony have not yet been transcribed. Specifically, we have held that, in such a situation:

> [A]n appellant must petition the trial court within the fourteen day period he or she has to file a timely Pa.R.A.P. 1925(b) statement, set forth good cause for an extension of a specific amount of time in which to file the statement, and obtain an order granting the request for the extension before the issues raised in an untimely 1925(b) statement will be preserved for appeal to this Court.[5]

*Woods*, 909 A.2d at 378 (footnote in original). This Court has held that "an appellant cannot simply include in a timely Pa.R.A.P.1925(b) statement a 'reservation of right' or other informal request to file an untimely, supplemental Pa.R.A.P.1925(b) [statement], no matter what the reason might be for such a request." *Woods*, 909

A.2d at 377 n. 10. Rather, when an appellant requires an extension of time, he or she must file a separate petition seeking prior court approval before filing an untimely initial or supplemental Pa.R.A.P. 1925(b) statement. *Woods*, 909 A.2d at 378. To the extent a trial court denies an appellant's timely petition for an extension of time, an "appellant's only recourse [is] to file a [timely] 1925(b) statement without the benefit of the trial transcript, and promptly seek leave to amend after having received the transcript...."[6] *Commonwealth v. Otero*, 860 A.2d 1052, 1056 (Pa.Super.2004).

¶ 9 In the case *sub judice*, on October 17, 2005, the trial court ordered Appellant to file a Pa.R.A.P.1925(b) statement; however, Appellant did not file his statement until December 5, 2005, clearly more than fourteen days after the trial court entered its order. The record contains no petition for an extension of time or a trial court order granting such an extension, and therefore, we find Appellant's issue to be waived on appeal. *See Castillo, supra; Woods, supra.*

■ ¶ 10 We note that Appellant's informal October 24, 2005 and December 5, 2005 letters to Judge Snite are unavailing.[7] Neither correspondence adequately placed the trial court on notice that Appellant was seeking a formal extension of time nor indicated that the trial court was to respond with an order granting or denying such a request.[8] Rather, Appellant merely

---

5. "In the alternative, an appellant who has filed a timely Pa.R.A.P.1925(b) statement, and then for good cause shown discovers that additional time is required to file a supplemental Pa.R.A.P.1925(b) statement, may file a separate petition seeking permission to file a supplemental Pa.R.A.P.1925(b) statement *nunc pro tunc*." *Woods*, 909 A.2d at 378 n. 11.

6. To the extent a trial court denies a prompt request to amend after the transcripts have

been received, an appellant may aver on appeal that the trial court abused its discretion in this regard. *See Otero, supra.*

7. Clearly, the language and format of the two letters does not constitute a formal pleading as is required by *Woods*.

8. In fact, the certified record is devoid of any trial court order responding to Appellant's October 24, 2005 and December 5, 2005 letters.

informed the trial court as to what avenue he was going to take and then placed the burden on the trial court to contact Appellant if "this is not acceptable to Your Honor."

¶ 11 While the rules of appellate procedure are to be liberally construed, we hold that an appellant's request for an extension of time under Pa.R.A.P.1925(b) must be in the form of a formal pleading to which an opposing party has the opportunity to respond and which places the trial court on notice to file an order addressing the pleading. *See Woods, supra.* Simply filing letters with the trial court as to the action the appellant is taking and then shifting the burden to the trial court to contact the appellant if such action does not meet the requirements of Pa.R.A.P. 1925(b) and/or existing precedent does not meet the requirements set forth in *Woods, supra.* In addition, we note the *ex parte* communication which apparently occurred between Appellant's counsel and the trial judge's law clerk is precisely the type of informal maneuvering *Woods* has sought to abrogate.

¶ 12 As this Court has previously set forth the procedure to be followed by an appellant seeking an extension of time under Pa.R.A.P.1925(b), and Appellant did not follow the appropriate procedure, we find his issue to be waived on this basis.[9]

¶ 13 Affirmed.

¶ 14 JOHNSON, J. CONCURS IN THE RESULT.

---

9. The fact the trial court responded with a Pa.R.A.P.1925(a) opinion addressing the merits of the issues raised in Appellant's untimely Pa.R.A.P.1925(b) statement does not alter this result. *Castillo, supra.*