J-S39009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY FELICIANO, | |
| Appellant | No. 2590 EDA 2014 |

Appeal from the PCRA Order August 7, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001643-1998

BEFORE:  BOWES, OTT AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 07, 2015**

Anthony Feliciano appeals from the August 7, 2014 order dismissing his PCRA petition as untimely.  We affirm.

On February 9, 1999, a jury found Appellant guilty of possession of a controlled substance (cocaine) and possession with intent to deliver (cocaine).  The trial court found him guilty of three summary traffic offenses.  On May 7, 1999, the court sentenced Appellant to seven to twenty years imprisonment based on a mandatory minimum for prior convictions and a $50,000 fine.  No direct appeal was filed.

Appellant timely filed his first PCRA petition on May 4, 2000.  Following an evidentiary hearing, the court denied relief on November 30, 2000, and this Court affirmed on September 7, 2001.  ***Commonwealth v. Feliciano***,

788 A.2d 1027 (Pa.Super. 2001) (unpublished memorandum). The Supreme Court denied allowance of appeal. *Commonwealth v. Feliciano*, 796 A.2d 978 (Pa. 2002).

On June 11, 2014, Appellant filed the instant petition for writ of *habeas corpus*, which the trial court treated as a PCRA petition. The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, Appellant filed a response, but the court dismissed the petition as untimely on August 7, 2014. Appellant timely appealed and complied with the PCRA court's direction to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the PCRA court issued its Pa.R.A.P. 1925(a) opinion on September 23, 2014, incorporating the reasons for dismissal stated in its July 15 and August 7, 2014 opinions.

Appellant identifies three issues for our review:

1. Is Appellant entitled to have his sentences vacated and-or corrected as illegal sentences?

2. Did the Pennsylvania Legislature and judicial sentencing schemes violate the separation of powers doctrines of the Pennsylvania and United States Constitution?

3. Is there a question of retroactivity relevant in the case at bar?

Appellant's brief at 4.

In reviewing the denial of PCRA relief, our standard and scope of review is well-settled.

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa.Super. 2014).

In the instant case, the PCRA court concluded that Appellant's petition was facially untimely, no timeliness exception was pled or proven, and that it lacked jurisdiction to rule on the merits of the petition. The Post-Conviction Relief Act, 42 Pa.C.S. § 9545(b)(1) provides that, "[a]ny petition . . . including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves one of the exceptions to the time-bar. The time limitations of the PCRA are jurisdictional." *Commonwealth v. Crews*, 863 A.2d 498 (Pa. 2004).

The three delineated exceptions to the one year time-bar are set forth at 42 Pa.C.S. § 9545(b)(1)(i-iii): (1) that the claim was not previously raised due to governmental interference; (2) that the claim is based on facts that were not previously known to petitioner and which could not have been discovered through the exercise of due diligence; or (3) the petition asserts a new constitutional right that has been held to apply retroactively by either our state Supreme Court or the United States Supreme Court. A petition

invoking one of the statutory exceptions must also be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant's PCRA petition, which was filed fourteen years after his judgment of sentence became final, is facially untimely. Although Appellant did not plead a timeliness exception in his petition, he did so in his response to the PCRA court's Rule 907 notice. However, Appellant neglected to argue timeliness in his original brief filed with this Court, and thus, the issue is waived. **See Purple Orchid, Inc. v. Pa. State Police**, 813 A.2d 801, 804 (Pa. 2002); **Commonwealth v. Jackson**, 431 A.2d 944, 945 n.1 (Pa. 1981). The fact that Appellant devoted his entire reply brief to rebutting the Commonwealth's contention that his petition was untimely does not remedy that deficiency. **See Commonwealth v. Otero**, 860 A.2d 1052, 1054 (Pa.Super. 2004) (a reply brief cannot be a vehicle to remedy deficient discussions in an initial brief). Nonetheless, Appellant's timeliness arguments are unavailing.

First, Appellant takes issue with the trial court's characterization of the within petition as a PCRA petition rather than a petition for writ of *habeas corpus*. If the petition was properly viewed as seeking *habeas* relief, he contends that he would not be required to prove a timeliness exception. Appellant's reply brief at 4. Appellant maintains that since PCRA relief was denied, *habeas corpus* relief is appropriate. Furthermore, since this appeal

involves what Appellant calls "constitutional structural errors," he cites **Brecht v. Abrahmson**, 507 U.S. 619 (1993), for the proposition that *habeas* relief is automatic.

Appellant's challenge relates to an illegal sentence and relief is available under the PCRA for such claims. **See** 42 Pa.C.S. § 9542. Since we held in **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998), that "[t]he PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA," *habeas corpus* relief is not available for the illegal sentencing claim herein. As we recognized in **Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013), a defendant cannot escape the PCRA time-bar simply by titling his petition or motion as a writ of *habeas corpus*.

Appellant next suggests that the PCRA time-bar does not operate to preclude his illegal sentencing claim because such claims cannot be waived. However, even an illegal sentencing claim must be presented in a timely PCRA petition over which we have jurisdiction. **Commonwealth v. Miller**, 102 A.3d 988, 994 (Pa.Super. 2014) (*en banc*); **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999).

Finally, Appellant avers that he filed his petition within sixty days of the Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013), and thus, his petition is timely under the exception for new

constitutional rights that have been held to apply retroactively.[1]  Therein, the Supreme Court held that the defendant's jury trial rights were infringed where the federal court applied a federal mandatory minimum statute for brandishing a firearm where the fact of brandishing was not presented to the jury or established beyond a reasonable doubt.  Appellant seeks to avail himself of *Alleyne*'s holding, and he contends that it should be applied retroactively based on *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*) (applying *Alleyne* to a case pending on direct appeal from judgment of sentence when *Alleyne* was decided).

Appellant fails to appreciate "the fundamental difference between retroactivity analysis during a direct appeal and cases on collateral review." *Commonwealth v. Watley*, 81 A.3d 108, 117 n.5 (Pa.Super. 2013) (*en banc)*.  We noted therein that "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id*. (citing *Whorton v. Bockting*, 549 U.S. 406 (2007) (internal citations omitted); *see also Danforth v. Minnesota*, 552 U.S. 264 (2008).  Recently, in *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa.Super. 2014) (*en banc*), we found the fact that "neither our

---

[1] Appellant's petition was filed on June 11, 2014, one year after the United States Supreme Court decided *Alleyne v. United States*, 133 S.Ct. 2151 (June 17, 2013).

Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final" was fatal to Miller's argument regarding the PCRA time-bar. *Id*. Furthermore, as in *Miller*, *supra*, Appellant's *Alleyne* argument herein relates to the fact that the court applied a mandatory minimum based on his prior convictions. In *Miller*, we relied upon the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998), reaffirmed in *Alleyne*, *supra* at 2160 n.1, holding that the fact of a prior conviction does not need to be submitted to the jury and found beyond a reasonable doubt.

Since Appellant's petition is untimely on its face and no timeliness exception applies, the PCRA court properly dismissed the petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015