J-S62016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD J. BRILEY | |
| Appellant | No. 91 MDA 2017 |

Appeal from the PCRA Order November 28, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003888-2011

BEFORE:  STABILE, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:          **FILED DECEMBER 12, 2017**

Ronald J. Briley appeals from the November 28, 2016 order entered in the Dauphin County Court of Common Pleas dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We set forth the factual history of this case in our memorandum affirming the trial court's denial of Briley's first PCRA petition.  ***See Commonwealth v. Briley***, No. 2275 MDA 2016, unpublished mem. at 1-2 (Pa.Super. filed Aug. 26, 2016).

On November 20, 2013, following Briley's guilty plea to second-degree murder, the trial court sentenced him to 35 years to life in prison concurrent

_____

[*] Retired Senior Judge assigned to the Superior Court.

to his prior sentences, with credit for time served. On November 5, 2014, this Court affirmed Briley's judgment of sentence. Briley filed a timely PCRA petition on January 26, 2015. On November 13, 2015, the PCRA court provided Briley with notice of its intent to dismiss his PCRA petition and, on December 10, 2015, the PCRA court dismissed Briley's petition. Briley timely appealed, and this Court affirmed on August 26, 2016.

On October 25, 2016, Briley filed a petition for *habeas corpus* and PCRA relief. On October 27, 2016, the PCRA court issued notice of its intent to dismiss Briley's petition. Briley filed a response on November 17, 2016. On November 28, 2016, the PCRA court dismissed Briley's petition without a hearing. Briley timely filed his notice of appeal.

On appeal, Briley raises the following issues:

> A. Whether [Briley]'s second PCRA petition should have been dismissed as untimely in that he alleged that he is serving an illegal sentence that does not conform to the dictates of **Miller v. Alabama**, [567 U.S. 460] (2012) and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016) and violates the Ex Post Facto Clause of the United States and Pennsylvania Constitutions[.]
>
> B. Whether [Briley] is entitled to relief as a matter of state law and on due process grounds in light of significant after-discovered evidence which was unavailable at the time of the plea[.]

Briley's Br. at 3.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v.**

*Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011).

We must first determine whether Briley's PCRA petition is timely. A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The trial court sentenced Briley on November 20, 2013, he appealed and this Court affirmed his judgment of sentence on November 5, 2014. Briley did not petition for allowance of appeal to the Pennsylvania Supreme Court. Thus, his judgment of sentence became final 30 days later, on December 5, 2014. **See** Pa.R.A.P. 903 (providing that notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Briley had one year from that date, or until December 5, 2015, to file a timely PCRA petition. His current petition, filed on October 25, 2016, is therefore facially untimely.

To overcome the time bar, Briley was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(i)-

(iii). To invoke one of these exceptions, Briley must have filed his petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

Briley first relies on the United States Supreme Court decisions in *Miller* and *Montgomery* in claiming that he meets the new-constitutional-right exception.[1] However, as we discussed in our previous memorandum, Briley was not subject to a mandatory sentence of life without parole; rather, the trial court sentenced Briley according to section 1102.1(c)(2).[2] *See Briley*,

_____

[1] In *Miller*, the Supreme Court held that a sentence of life imprisonment without the possibility of parole was unconstitutional when imposed upon defendants who were "under the age of 18 at the time of their crimes." 567 U.S. at 465. In *Montgomery*, the Supreme Court held that the *Miller* decision applied retroactively to cases on state collateral review. *Montgomery*, 136 S.Ct. at 736.

[2] Section 1102.1(c)(2) states:

> **(c) Second degree murder.--**A person who has been convicted after June 24, 2012, of a murder of the second degree, second degree murder of an unborn child or murder of a law enforcement officer of the second degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:
>
> . . .
>
> (2) A person who at the time of the commission of the offense was under 15 years of age shall be sentenced to a term of imprisonment the minimum of which shall be at least 20 years to life.

18 Pa.C.S. § 1102.1(c)(2).

No. 2275 MDA 2016, at 2 n.1. Therefore, **Miller** and **Montgomery** are inapplicable to Briley.[3]

In Briley's next issue, he raises an after-discovered-evidence claim. He claims that he learned of "a series of internet articles regarding the care of patients at the [m]edical [f]acility where [the] victim resided." Briley's Br. at 15. Briley contends these articles were published on February 22, 2016 – two years and five months after the trial,[4] and that he had no reason to know "there was evidence of an alternative cause of death." **Id.** at 16. Briley appears to be confusing the newly discovered fact exception to the time bar in section 9545(b)(1)(ii) with a claim of after-discovered-evidence under section 9543(a)(2). **See Commonwealth v. Burton**, 158 A.3d 618, 628-29 (Pa. 2017) (discussing the correct terminology to be used when referring to the newly discovered fact exception and the after-discovered-evidence claim).

This Court has explained that to successfully raise the newly discovered fact exception to the PCRA time bar, a petitioner must show that "the facts

---

[3] To the extent that Briley argues that application of section 1102.1(c)(2) to his case violated the *ex post facto* clause, we have also addressed this issue in our previous memorandum, concluding that in **Commonwealth v. Brooker**, 103 A.3d 325, 340-43 (Pa.Super. 2014), we rejected this very argument with respect to the 35-year mandatory minimum for first-degree murder under section 1102.1(a)(1), and that we discerned no meaningful distinction in this regard between subsections (a)(1) and (c)(2). **See Briley**, No. 2275 MDA 2016, at 9.

[4] There was no trial in this case. Briley pled guilty to second-degree murder on November 20, 2013.

upon which the claim was predicated were unknown" to him and "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii); *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). A petitioner must identify those new facts "within 60 days of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2). This exception does not require us to analyze the merits of the case or the underlying claim. *Brown*, 111 A.3d at 177. Once we have established jurisdiction, we may then address the petitioner's underlying after-discovered-evidence claim. *Id.* at 176.

Here, even if the articles constituted a "new fact" under the PCRA's exception to the time bar, Briley's underlying after-discovered-evidence claim fails because "allegations in an article do not constitute evidence," *Commonwealth v. Castro*, 93 A.3d 818, 819 (Pa. 2014), and because the allegations in the articles relied on by Briley have no connection to the charges on which he was convicted.

Accordingly, we conclude that Briley has failed to prove an exception to the PCRA time bar. Therefore, the PCRA court did not err in dismissing Briley's PCRA petition as untimely.[5]

---

[5] To the extent that Briley attempts to raise an ineffectiveness claim in his reply brief, he has waived this claim for failure to raise it in his PCRA petition, his Pennsylvania Rule of Appellate Procedure 1925(b) statement, or his brief. *See Commonwealth v. Otero*, 860 A.2d 1052, 1054 ("Issues presented before this [C]ourt for the first time in a reply brief are waived.");

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2017

---

***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.").