J-S84026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JUAN RIVERA | : | |
| Appellant | : | No. 1192 MDA 2017 |

Appeal from the PCRA Order June 30, 2017
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000472-2012,
CP-35-CR-0000476-2012

BEFORE: SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.: **FILED JANUARY 26, 2018**

Juan Rivera appeals from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546. For the reasons that follow, we quash the appeal.

In July 2012, a jury convicted Rivera of three counts of rape of a child, two counts of rape, seven counts of involuntary deviate sexual intercourse, one count of aggravated indecent assault of a child, two counts of aggravated indecent assault of a child less than 16 years old, three counts of indecent assault of a person less than 13 years of age, two counts of unlawful contact with a minor, two counts of corruption of minors, and two counts of endangering the welfare of a child. The charges were based on Rivera's sexual abuse of his two minor stepdaughters. On December 18, 2012, the court determined Rivera to be a Sexually Violent Predator (SVP) under this

Commonwealth's version of Megan's Law,[1] and sentenced him to 108-216 years' incarceration, plus 10 years of special probation.

Rivera filed a direct appeal; our Court affirmed his judgment of sentence. *See Commonwealth v. Rivera*, 140 MDA 2013 (Pa. Super. filed March 26, 2014). On January 5, 2015, Rivera filed a *pro se* PCRA petition alleging ineffective assistance of trial counsel for the failure to raise issues on direct appeal in his Pa.R.A.P. 1925(b) statement and for the failure to argue the merits of the issues raised in the Rule 1925(b) statement. PCRA counsel was appointed; on February 3, 2016, PCRA counsel filed a petition to withdraw pursuant to *Turner*/*Finley*[2] and furnished Rivera with a copy of his no-merit letter. On February 22, 2017, the trial court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Rivera's petition and advised him of his right to respond within 20 days. On March 16, 2017, Rivera filed an untimely response to the court's Rule 907 notice, again referencing trial counsel's ineffectiveness. On June 30, 2017, the court denied Rivera's petition and granted counsel's petition to withdraw. Rivera filed a timely notice of appeal and court-ordered Rule 1925(b) statement of errors complained of on appeal.

Because of the deficiencies in Rivera's appellate brief, we are unable to discern what issues he wishes to raise or the arguments he wishes to present to this Court. To begin, we refer Rivera to the general rule that requires that

---

[1] *See* 42 Pa.C.S. § 9795.1.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

briefs conform to the Pennsylvania Rules of Appellate Procedure. Rule 2101 states:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. We also bring Rule 2111 to Rivera's attention, which provides:

> **Rule 2111. Brief of the Appellant**
>
> **(a) General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matter, separately and distinctly entitled and in the following order:
>
> (1) Statement of jurisdiction.
> (2) Order or other determination in question.
> (3) Statement of both the scope of review and the standard of review.
> (4) Statement of the questions involved.
> (5) Statement of the case.
> (6) Summary of argument.
> (7) Argument for appellant.
> (8) A short conclusion stating the precise relief sought.
> (9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
> (10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.
>
> **(b) Opinions below.** There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved[.]

Pa.R.A.P. 2111. Rivera's brief completely omits all designated portions of Rule 2111.

Although Rivera lists several issues in his *pro* se Rule 1925(b) statement, none of those issues are presented or argued in his brief. Moreover, none of the sections of his brief contain references to the record or to case law. *See* Pa.R.A.P. 2117(a)(4) and Pa.R.A.P. 2119(b).

Our review of Rivera's brief evidences a complete failure to abide by the Pennsylvania Rules of Appellate Procedure. Rule 2116, which is entitled "Statement of Questions Involved" provides in pertinent part that:

> The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. **This rule is to be considered in the highest degree mandatory, admitting of no exception: ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby**.

Pa.R.A.P. 2116 (emphasis added).

Recognizing that Rivera has ignored the Pennsylvania Rules of Appellate Procedure, we conclude that we are unable to conduct a meaningful review. Moreover, the fact that Rivera is *pro se*[3] on appeal does not entitle him to a

---

[3] We note that on November 28, 2017, the trial court granted Rivera *in forma pauperis* ("IFP") status. *See* Pa.R.Crim.P. 907(G) ("When a defendant satisfies the judge that the defendant is unable to pay the costs of the post-conviction collateral proceedings, the judge shall order that the defendant be permitted to proceed *in forma pauperis*."). On appeal, verified IFP status will relieve the appellant from paying the required filing fees in the appellate court.

more lax application of the rules of procedure. In ***Commonwealth v. Rivera***, 685 A.2d 1011 (Pa. Super. 1996), we stated:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

***Id.*** at 1013 (quoting ***O'Neill v. Checker Motors Corp.***, 567 A.2d 680, 682 (Pa. Super. 1989)). The ***Rivera*** court concluded that "we decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Id.*** (quoting ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982)).

Similarly, we are compelled to quash this appeal due to the numerous defects in Rivera's brief, which we conclude prevent us from conducting a meaningful review.

---

***See*** Pa.R.A.P. 2701. Moreover an IFP appellant shall not be required to reproduce the record. ***See*** Pa.R.A.P. 2151(b). Finally, a party who has been permitted to proceed IFP shall file 7 copies of each definitive brief with the Superior Court and one copy of each definitive brief on every other party separately represented. ***See*** Pa.R.A.P. 2187(c)(iii). IFP status, however, does not relax the rules regarding the content or form of the appellant's brief on appeal.

Appeal quashed.[4]


Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/26/2018

---

[4] We note that to the extent Rivera raises issues in his Reply Brief, we remind him that he is not permitted to raise issues on appeal for the first time in a reply brief. **See Commonwealth v. Otera**, 860 A.2d 1052 (Pa. Super. 2004); **see also Filoon v. Pennsylvania Pub. Util. Comm'n**, 684 A.2d 1339 (Pa. Commw. 1994) (appellate court refused to address any issue raised by petitioner in reply brief that were not already raised in initial brief under Pa.R.A.P. 2113).