50

396 A.2d 639

**COMMONWEALTH of Pennsylvania**

v.

**Alan Lee ZIMMERMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Dec. 22, 1978.

Petition for Allowance of Appeal Granted April 16, 1979.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On November 19, 1976, appellant Alan Lee Zimmerman entered pleas of guilty to charges of robbery and theft, in connection with incidents which occurred on June 15 (theft of a motorcycle), June 23 (theft of two motorcycles), and July 9, 1976 (armed robbery). The lower court accepted the pleas and ordered a pre-sentence report. Appellant was sentenced on February 4, 1977 to concurrent terms of one to three, one to three, and two and one-half to seven years imprisonment. Appellant brought this appeal to our court from the judgment of sentence, arguing that the lower court erred in not stating, on the record, reasons in support of the sentences which it imposed.[1]

In *Commonwealth v. Olsen*, 247 Pa.Super. 513, 372 A.2d 1207, decided April 19, 1977, a majority of our court found that a trial court did not have to state reasons for the sentence which it imposed, particularly if reasons were not

---

1. Appellant did not request of the lower court a statement of reasons for the sentence, nor did appellant file a petition with the lower court for reconsideration of sentence.

requested by the defendant at the time of sentencing. In a case decided four months later, *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), Justice Roberts stated in a plurality opinion for the Supreme Court that when a trial court imposes a judgment of sentence, the court's reasons for imposing such sentence *should* appear on the record. Although the Supreme Court vacated the sentence and remanded the case for resentencing and for a statement of reasons for the sentence, it appeared from the notes of testimony of the sentencing hearing that the trial court might have been acting under a misapprehension as to the maximum permissible sentence, and apparently only three of the justices felt that the failure of the trial court to give reasons for the sentence, in and of itself, merited vacating the sentence. A majority of the court did join in a request to the Criminal Procedural Rules Committee for a recommendation on adding to the Rules of Criminal Procedure a requirement that a sentencing judge state on the record the reasons for the sentence. Rule 1405(b), which provides, "[a]t the time of sentencing, the judge shall: . . . (b) state on the record the reasons for the sentence imposed," was the result of *Riggins* and the recommendation of the Rules Committee.

In the case before us, there is nothing in the record to indicate that the trial court acted under any misapprehension as to the permissible range of sentences, and, unlike the appellant in *Riggins,* appellant in the case before us makes no allegation of an excessive sentence. Appellant Zimmerman was sentenced prior to the decision in *Riggins,* and prior to the effective date of Rule 1405(b), and in these circumstances we fail to see how any useful purpose would be served by applying retroactively the requirement of an on-the-record statement of reasons for the sentence imposed.

We therefore affirm the judgment of sentence.

CERCONE, J., concurs in the result.

SPAETH, J., files a concurring and dissenting opinion.

JACOBS, P. J., files a dissenting statement.

WATKINS, former President Judge and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

I had thought it settled that if the lower court does not state its reasons for the sentence, the sentence will on appeal be vacated and the case remanded to afford the court an opportunity to resentence the defendant and to include a statement of reasons. *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978). The plurality opinion's error in nevertheless refusing to vacate and remand is probably sufficiently noted by the President Judge's citation, in his dissenting opinion, of *Wertz.* I think it in order, however, to add another, less succinct, dissent.

The plurality opinion's citation of *Commonwealth v. Olsen,* 247 Pa.Super. 513, 372 A.2d 1207 (1977), is inapposite, for the decision there, that the lower court did *not* have to state the reasons for the sentence, was overruled by the decision of the Supreme Court, reversing this court, in *Commonwealth v. Riggins, supra,* that the lower court *did* have to state the reasons.

The plurality attempts to avoid *Riggins* in three ways, all indefensible.

First, it says that the opinion of Mr. Justice ROBERTS in *Riggins* was "a plurality opinion." Plurality opinion at 640. On the point at issue here, it was not a plurality but a majority opinion. Justice O'BRIEN joined Justice ROBERTS's opinion without qualification. Justice POMEROY filed a concurring and dissenting opinion, but only because Justice ROBERTS had held the sentence in question excessive; on the point at issue here—the requirement that the lower court state the reasons for the sentence—Justice POMEROY said:

> I fully agree with the decision of the Court that the time has come when we should require that a trial court, when it imposes judgment of sentence, place on the record its reasons for the imposition of the sentence chosen. [Here the Justice appended a footnote, to the effect that he considered this holding "totally prospective."]

*Id.,* 474 Pa. at 137, 377 A.2d at 151.

Justice MANDERINO also filed a concurring opinion. His only difference with Justice ROBERTS was that he would have ordered the defendant discharged. Otherwise, he said, he "join[ed] in the majority opinion of Mr. Justice ROBERTS." *Id.,* 474 Pa. at 139, 377 A.2d at 152. Thus, four Justices—ROBERTS, J., joined by O'BRIEN, POMEROY, and MANDERINO, JJ.—agreed that the lower court must state the reasons for the sentence.

Second, the plurality opinion suggests that the force of *Riggins* is somehow diminished by the fact that "it appeared . . . that the trial court might have been acting under a misapprehension as to the maximum permissible sentence . . . ." Plurality opinion at 640. I can only say that this suggestion is specifically repudiated by *Riggins* itself. In footnote 30 of his opinion, 474 Pa. at 136, 377 A.2d at 150, Justice ROBERTS observed that the fact that the trial court may have been under a misapprehension as to the maximum sentence "*highlight[ed]* the necessity for a statement of reasons [for the sentence]" (emphasis added).

Finally, the plurality opinion says that the sentence was imposed "prior to the decision in *Riggins,* and prior to the effective date of Rule 1405(b), and in these circumstances we fail to see how any useful purpose would be served by applying retroactively the requirement of an on-the-record statement of reasons for the sentence imposed." Plurality opinion at 640. As noted above, Mr. Justice POMEROY, concurring in *Riggins,* was also of the opinion that its holding should be applied only prospectively. But that battle is lost. In *Commonwealth v. Kostka, supra,* not cited by the plurality, the Court held, only POMEROY and NIX, JJ., dissenting, that *Riggins* was to be applied retroactively; and

in *Commonwealth v. Wertz, supra,* also not cited by the plurality, we recognized and followed *Kostka.**

I concur in affirming the judgment of sentence in this case, however, because the Supreme Court, in *Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978), has held that when, as here, an appellant seeks review of his sentence without first filing a petition for reconsideration of the sentence with the court below, the court on appeal must consider the sentence waived.

JACOBS, President Judge, dissenting.

I respectfully dissent. *See Commonwealth v. Wertz,* 252 Pa.Super. 584, 585 n. 2, 384 A.2d 933, 934 n. 2 (1978).

---

\* In *Wertz, supra,* I concurred, arguing that *Riggins* presented no issue of retroactivity, but merely reemphasized what "has long been established by the rules of the Supreme Court and of this court," that is, "[t]he responsibility of the sentencing judge to state the reasons for the sentence." *Commonwealth v. Wertz, supra* 252 Pa.Super. at 586, 384 A.2d at 935.