401 A.2d 824

**COMMONWEALTH of Pennsylvania**

v.

**William Thomas COSTLOW, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided April 12, 1979.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

On July 14, 1977, appellant William Thomas Costlow, Jr. entered pleas of guilty to four separate thefts of items totaling in value over one thousand dollars. A pre-sentence investigation was filed with the lower court on October 7, 1977. On the same day, appellant appeared before the court and waived, on the record, his right to be represented by

counsel. The court conducted a guilty plea colloquy and sentenced appellant to serve a term of five to twenty-three months imprisonment and to pay a fine of one hundred fifty dollars. The fine was immediately removed when the court was advised that it had not imposed a fine "on the other one" (apparently referring to an accomplice who had been tried separately). The court did not specify for which specific crime appellant was being sentenced, but imposed a sentence of one year concurrent probation "on the other three counts." According to the lower court docket entries, the term of imprisonment was imposed on indictment number 603. On October 17, 1977, appellant, now represented by counsel, filed a Motion Challenging Guilty Plea[1] and Legality of Sentence. The motion was denied by the lower court by Order dated November 28, 1977 (filed November 29, 1977), and appeal was taken to our Court from the denial of this motion.

Appellant argues that his sentence was manifestly excessive, and also that the lower court erred in failing to state on the record the reasons for the sentence imposed. At the time of sentencing, the lower court asked appellant how far he had gone in school, and also asked a police officer if appellant had a record. (The officer indicated that appellant had pleaded guilty to other charges, but had not yet been sentenced). The court gave no indication that it had seen and considered the pre-sentence report which had been prepared on appellant, and the court gave no reasons for the sentence which it imposed, except to say that it would have placed appellant in the Outmate Program if appellant had currently been employed—not in Cambria—but in Lancaster County.

In *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), a plurality of Our Supreme Court indicated that when a trial court imposed a judgment of sentence, the

---

1. Appellant does not challenge in this appeal the validity of the guilty plea.

court's reasons for imposing such sentence should appear on the record. A majority of the court joined in a request to the Criminal Procedural Rules Committee for a recommendation on adding to the Rules of Criminal Procedure a requirement that a sentencing judge state on the record the reasons for the sentence.[2]

One of the most important reasons for requiring the lower court to state its reasons for the sentence is to aid the appellate courts in ascertaining whether the sentence imposed was based on accurate, sufficient, and proper information. In the case before us, appellant argues both that his sentence was excessive and that the trial court failed to articulate reasons for the sentence. The notes of testimony of the sentencing hearing do not reveal the reasons for the sentence, and the trial court has not filed an opinion as required by Pa.R.A.P. 1925(a). We are therefore unable to adequately consider appellant's argument of excessive sentence. The sentences are vacated and the case is remanded for resentencing in accordance with this Opinion.[3]

SPAETH, J., concurs in the result.

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm the judgment of the court below.

2. Rule 1405(b) took effect on July 1, 1978, providing that "[a]t the time of sentencing, the judge shall: . . . (b) state on the record the reasons for the sentence imposed."

3. Cf. *Commonwealth v. Zimmerman,* 262 Pa.Super. 50, 396 A.2d 639 (1978), (plurality Opinion), in which the only issue raised by the appellant was the failure of the trial court to state on the record reasons for the sentence. No claim was made by the appellant in *Zimmerman* that the sentence was excessive.