COMMONWEALTH of Pennsylvania,
Appellee,

v.

Dennis MORAN, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 11, 2002.
Filed April 29, 2003.

George E. Lepley, Williamsport, for appellant.

David W. Lupas, Asst. Dist. Atty., Wilkes–Barre, for Com., appellee.

BEFORE: JOHNSON, KLEIN and KELLY, JJ.

OPINION BY KLEIN, J.:

¶ 1 Dennis J. Moran appeals from the judgment of sentence following his entry of a guilty plea to numerous sexual offenses. We remand this matter to the Court of Common Pleas of Luzerne County (1) for counsel to file a supplemental Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal and (2) for the trial court to issue an opinion pursuant to Pa.R.A.P. 1925(a) in light of this supplemental statement. A full discussion follows.

¶ 2 Moran was charged with nine counts of sexual offenses relating to an encounter with a 14–year–old girl. Moran had met and communicated with the victim via the internet for several weeks. On March 16, 2001, Moran brought the victim to a motel in Sugarloaf Township, where he engaged in oral and vaginal sex with the victim and took digital photographs of her while she was naked.

¶ 3 On December 4, 2001, Moran pled guilty to five counts: involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123(a)(7) (Count 1); statutory sexual assault, 18 Pa.C.S.A. § 3122.1 (Count 2); sexual abuse of children, 18 Pa.C.S.A. 6312(b) (Count 5); unlawful contact or communication with a minor, 18 Pa.C.S.A. § 6318(a)(1) (Count 6); and possession of child pornography, 18 Pa.C.S.A. § 6312(d) (Count 9).[1] On February 6, 2002, following a Megan's Law[2] hearing, the trial court determined that Moran was not a sexually violent predator under 42 Pa. C.S.A. § 9795.4(e). The court then sentenced Moran to an aggregate sentence of 108 to 540 months' incarceration and five years' probation consecutive to the foregoing sentence.

¶ 4 On March 6, 2002, Moran filed a notice of appeal. The trial court then ordered Moran to file a Rule 1925(b) statement, which was timely filed on March 19, 2002. In his 1925(b) statement, Moran challenged the ambiguity of the trial court's sentence and further asserted that the sentence imposed was unduly harsh and excessive. On March 19, 2002, the trial court *sua sponte* entered an amended sentencing order clarifying its intent regarding the consecutive nature of Counts 2, 5, and 9 with respect to Count 1. The trial court did not issue an opinion.

¶ 5 On May 20, 2001, while the case was on appeal to this Court, Moran filed a motion in the trial court to amend his 1925(b) statement *nunc pro tunc*. In the motion, Moran claimed that as of the date of the filing of his original 1925(b) statement, the sentencing and guilty plea proceedings had not been transcribed. The sentencing transcript was not filed until April 3, 2002, two weeks after Moran filed his 1925(b) statement. Thus, Moran sought permission to amend his 1925(b) statement to include additional sentencing issues that had come to light after he reviewed the transcript. Moran also claimed that when he filed his motion to amend, he still had not received the guilty plea transcript and thus sought permission to amend his 1925(b) statement within 14 days after receiving that transcript. The guilty plea transcript was filed on May 23, 2002. It appears from the record that the trial court never ruled on Moran's motion.

¶ 6 On appeal, Moran claims that the trial court lacked jurisdiction to *sua sponte* amend its February 6 sentencing order after Moran had filed a notice of appeal.

---

**1.** The remaining charges against Moran were *nolle prossed.*

**2.** 42 Pa.C.S.A. § 9791–99.

A court may modify a final, appealable order within 30 days after its entry if no appeal from the order has been taken. 42 Pa.C.S.A. § 5505. Once a notice of appeal has been filed, the trial court generally lacks jurisdiction to modify its sentence. *See id.;* Pa.R.A.P. 1701(a). Under limited circumstances, however, a court may modify an order after an appeal has been filed to correct a patent or obvious mistake or to supply defects or omissions in the record. *See* Pa.R.A.P. 1701(b)(1); *Commonwealth v. Klein,* 566 Pa. 396, 781 A.2d 1133, 1135 (2001); *Manack v. Sandlin,* 812 A.2d 676, 681 (Pa.Super.2002). *But see Commonwealth v. Haughwout,* 816 A.2d 247, 249–50 (Pa.Super.2003) (holding trial court lacked jurisdiction to reduce defendant's sentences and order his release from incarceration after notice of appeal was filed).

¶ 7 Here, the trial court amended its original sentencing order to clarify that each of Moran's sentences are to run consecutive to each other. The February 6 order states that Counts 2, 5, and 9 are each to run consecutive to Count 1. Moran claims that this order is unclear because it cannot be determined whether the court intended that "Counts 2, 5, and 9 would run consecutive to each other and consecutive to Count 1, or whether Counts 2, 5, and 9 would be concurrent with each other but consecutive to Count 1." (Appellant's Brief at 12.) The March 19 order clearly states that Count 2 is to run consecutive to Count 1, Count 5 is to run consecutive to Count 2, and Count 9 is to run consecutive to Count 5.

¶ 8 In determining whether the trial court's modification of the sentence after the appeal was proper, we find it necessary to address a Rule of Criminal Procedure that neither party discusses in its brief. Former Rule of Criminal Procedure

1406 (which has been renumbered Rule 705) provided that multiple sentences imposed at the same time were presumed to be concurrent unless the sentencing judge stated otherwise. In 1996, however, Rule 1406 was amended to eliminate the language creating that presumption. Pa. R.Crim.P. 705 cmt. (2000); *see Jackson v. Vaughn,* 565 Pa. 601, 777 A.2d 436, 437 n. 2 (2001). The current rule now requires that the sentencing judge state whether multiple sentences imposed at the same time are to run concurrently or consecutively:

> Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively.

Pa.R.Crim.P. 705.

■ ¶ 9 If the old rule were still in effect, we would presume that Counts 2, 5, and 9 were to run concurrent with each other but consecutive to Count 1, so the February 6 sentencing order would be clear and the trial court's modification of the order after the appeal would be improper. Under current Rule 705, however, the February 6 sentencing order is unclear because there is no presumption. Thus, we find that the trial court's modification of the sentencing order after the appeal, clarifying the consecutive nature of Moran's sentences, was not improper, especially where both parties agree that the original sentencing order is ambiguous and that the amended order, if valid, resolves any question regarding the court's intent. (*See* Appellant's Brief at 11–12, 15; Commonwealth's Brief at 3.) Accordingly, we hold that the amended order is valid and, therefore, Moran's ambiguity claim is moot.[3]

---

**3.** In any event, even if the March 19 order

were improperly entered, it would be a waste

¶ 10 With respect to Moran's remaining claims of error, we are unable to conduct a meaningful review of these issues. Moran first challenges the discretionary aspects of the trial court's sentence, claiming that the sentence imposed is unduly harsh and excessive. This claim is included in Moran's Rule 1925(b) statement, but the trial court did not prepare a Rule 1925(a) opinion. Although the trial court made a brief statement of its reasons for imposing the sentence on the record at the sentencing proceeding, we find that an opinion would assist this Court in determining whether the trial court abused its discretion. We therefore remand for the preparation of an opinion. *See Commonwealth v. Costlow,* 265 Pa.Super. 108, 401 A.2d 824, 825 (1979).

¶ 11 Moran also raises two new claims in his brief to this Court that were not included in his original 1925(b) statement. He asserts that: (1) the trial court erred in imposing a sentence as to Count 5 because it confused Count 5 with Count 6, which the court found had merged for sentencing purposes and (2) the trial court improperly considered the Commonwealth's recommended sentence, which violated the terms of the plea agreement. It is true that an appellant's failure to include an issue in a 1925(b) statement generally precludes us from reviewing that issue on appeal. *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998); *Commonwealth v. Butler,* 571 Pa. 441, 812 A.2d 631 (2002). In this case, however, Moran was not provided with the transcripts of the sentencing and guilty plea proceedings before he filed his original 1925(b) statement. Upon receiving and reviewing the sentencing transcript, he promptly filed a motion to amend his 1925(b) statement *nunc pro tunc* to include additional issues related to the sentencing and guilty plea proceedings. Because we find that Moran made a reasonable attempt to preserve his appellate rights with respect to these issues, we do not find these claims waived.[4]

¶ 12 Accordingly, we remand this case for Moran's filing of a supplemental Rule 1925(b) statement, limited to issues related to the sentencing and guilty plea proceedings. Moran shall have 30 days from the date of remand within which to file his supplemental Rule 1925(b) statement. We also order the trial court to prepare a Rule 1925(a) opinion addressing the issues in Moran's Rule 1925(b) statement and supplemental Rule 1925(b) statement. The trial court shall have 90 days from the filing of Moran's supplemental Rule 1925(b) statement within which to file its opinion.

¶ 13 Case remanded. Panel jurisdiction retained.

---

of judicial resources to remand for clarification of the court's February 6 sentencing order. As Moran admits in his brief, the March 19 order makes clear that each sentence is to run consecutive to one another, thereby rendering it unnecessary to seek further clarification. (*See* Appellant's Brief at 15.)

4. Indeed, we question whether the trial court's failure even to consider Moran's motion to amend his 1925(b) statement under these circumstances, coupled with its failure to prepare an opinion, was an abuse of discretion.