J-S06037-23

2023 PA SUPER 42

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ERIK CHARLES LAWRENCE | : | |
| Appellant | : | No. 1019 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 14, 2022
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000243-2021

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                **FILED: MARCH 15, 2023**

Appellant Erik Charles Lawrence appeals the judgment of sentence entered by the Court of Common Pleas of Huntingdon County after Appellant pleaded guilty to Driving While Operating Privilege is Suspended or Revoked-DUI Related (3rd offense) (hereinafter, "DWS")[1] and False Identification to a Law Enforcement Officer.[2] We affirm.

On March 17, 2021, Trooper Briona Mort conducted a traffic stop of a motorcycle driven by an individual later discovered to be Appellant. Initially, Appellant claimed to be "Brian Lawrence," the owner of the subject motorcycle, which had no working rear lights and an expired inspection. Appellant subsequently identified himself correctly and indicated that he gave the trooper false information as his license was DUI suspended.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 75 Pa.C.S.A. § 1543(b)(1)(iii).
[2] 18 Pa.C.S.A. § 4914(a).

On March 18, 2022, Appellant entered a guilty plea to DWS - DUI Related (3rd offense) and False Identification to a Law Enforcement Officer. At the plea hearing, defense counsel argued that it would be unconstitutional to impose a sentence of imprisonment on the DWS conviction. The trial court deferred sentencing to hear oral argument on this issue.

On May 23, 2022, the trial court sentenced Appellant to six to twelve months' imprisonment on the DWS conviction, a consecutive one-year term of probation on the False Identification conviction, along with a $2,500 fine for the DWS conviction. On June 8, 2022, the trial court entered an amended sentencing order which corrected the name of the DWS charge and its grading as a third-degree misdemeanor.

On June 22, 2022, Appellant filed a notice of appeal, which was docketed at 931 MDA 2022. After the appeal was already pending, the trial court entered another amended sentence on July 14, 2022, changing the language of the order which originally stated that the sentence of confinement was consecutive to the probationary sentence and modified it to clarify that the term of imprisonment would be served first. On July 19, 2022, Appellant filed a second notice of appeal, which was docketed at 1019 MDA 2022.

On September 26, 2022, this Court directed Appellant to show cause as to why the appeal docketed at 931 MDA 2022 should not be dismissed as duplicative of the appeal docketed at 1019 MDA 2022. On September 29, 2022, Appellant filed a response, explaining the procedural history of the case and agreeing to dismiss the appeal at 931 MDA 2022 so long as it did not

prejudice the timeliness of the appeal docketed at 1019 MDA 2022. On October 17, 2022, this Court dismissed the appeal docketed at 931 MDA 2022.

Before reaching the merits of this appeal, we must address whether the trial court properly amended its sentencing order on July 14, 2022 once this appeal was pending. Trial courts are typically divested of jurisdiction over a case once a notice of appeal is filed. **See** 42 Pa.C.S.A. § 5505 (courts may modify or rescind an order within 30 days after its entry, so long as no appeal has been taken); **see also** Pa.R.A.P. 1701(a) (after an appeal is taken, the trial court may no longer proceed further in the matter). However, trial courts have the inherent power to correct patent and obvious mistakes even if they are without jurisdiction. **Commonwealth v. Borrin**, 80 A.3d 1219, 1227-28 (Pa. 2013).

The trial court's second amended sentence, entered on July 14, 2022, during the pendency of this appeal, appears to have only corrected the linked sentences at the bottom of the order. While the order had stated that the term of incarceration would be served consecutive to the probationary term, the trial court corrected the order to state that probation would be served consecutive to the term of incarceration. As the trial court amended its sentence to correct a patent mistake, it was permitted to enter the amended sentence during the pendency of the appeal.

The instant notice of appeal was timely filed within thirty days of the entry of the July 14, 2022 sentencing order. As such, we may proceed to review the merits of this appeal.

Appellant raises one issue for our review:

Whether the absence of a maximum term renders the pertinent Driving Under Suspension – DUI Related sentencing provision under 75 Pa.C.S.A. § 1543(b)(1)(iii) unconstitutionally vague violating state and federal due process provisions?

Appellant's Brief, at 5 (footnote omitted).

Appellant's claim challenging the constitutionality of the sentencing statute set forth in 75 Pa.C.S.A. § 1543(b)(1)(iii) as unconstitutionally vague implicates the legality of sentence. **Commonwealth v. White**, 268 A.3d 499, 500 (Pa.Super. 2022) (citing **Commonwealth v. Moore**, 247 A.3d 990, 993 (Pa. 2021)). "A sentencing court does not have authority to sentence a defendant pursuant to an unconstitutionally vague sentencing statute." **White**, 268 A.3d at 500 (quoting **Moore**, 247 A.3d at 997). "As with all questions of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Boyd**, 287 A.3d 957, 959 (Pa.Super. 2022) (quoting **Commonwealth v. Lacombe**, 234 A.3d 602, 608 (Pa. 2020)).

Appellant contends that Section 1543(b)(1)(iii) is unconstitutionally vague as it only provides a specific term for the minimum sentence and does not specify a maximum term of incarceration. In support of his claim, Appellant relies on the decisions in **Commonwealth v. Eid**, 249 A.3d 1030, 1044 (Pa. 2021) and **Commonwealth v. Jackson**, 271 A.3d 1286 (Pa.Super. 2022). However, those cases are distinguishable from the case at bar.

In **Eid**, the defendant was convicted of the summary offense of DWS set forth at 75 Pa.C.S.A. § 1543(b)(1.1)(i), which applied when an individual

was found to be driving with a suspended or revoked license and refused a breath test. Section 1543(b)(1.1)(i) provided that an individual found in violation of this section "shall, upon first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of *not less than 90 days*." 75 Pa.C.S.A. § 1543(b)(1.1)(i) (emphasis added). Eid was sentenced to a term of ninety days to six months' imprisonment as well as a $1,000 fine.

On appeal, our Supreme Court ruled that Section 1543(b)(1.1)(i) was "unconstitutionally vague and inoperable" as the provision failed to provide a maximum term of incarceration. **Eid**, 249 A.3d at 1044. Although the Supreme Court affirmed Eid's DWS conviction and fine, it vacated the imprisonment term as it declined to infer a maximum sentence, which would have forced the Court to "engage in sheer speculation as to which sentence the General Assembly intended." **Id**. at 1044-45.

Thereafter, in **Jackson**, the defendant pleaded guilty to the summary offense of DWS set forth at 75 Pa.C.S.A. § 1543(b)(1)(ii), which applied when an individual was found to have a second DWS violation. Section 1543(b)(1)(ii) provided "[a] second violation of this [crime] shall constitute a summary offense and, upon conviction [ ], a person shall be sentenced to pay a fine of $1,000[.00] and to undergo imprisonment *for not less than 90 days*." 75 Pa.C.S.A. § 1543(b)(1.1)(i) (emphasis added). The defendant in **Jackson** was sentenced to ninety days of house arrest and a $1,000 fine.

On appeal, this Court found in **Jackson** that Section 1543(b)(1)(ii) was unconstitutionally vague and inoperable as it contained identical language as the statute struck down in **Eid** which provided a minimum prison sentence but failed to provide for a maximum term of incarceration. Consistent with the Supreme Court's decision in **Eid**, this Court affirmed Jackson's conviction and the imposition of the fine, but vacated the house arrest portion of the sentence.

In this case, Appellant was convicted of the third-degree misdemeanor offense set forth at 75 Pa.C.S.A. § 1543(b)(1)(iii), which applies when an individual is found to have a third DWS violation. Appellant claims that Section 1543(b)(1)(iii) is unconstitutionally vague as it does not specifically provide for a maximum term of imprisonment and contains the identical phrase struck down as improper in **Eid** and **Jackson**.

Section 1543(b)(1)(iii) of the Vehicle Code provides that "[a] third or subsequent violation of this paragraph shall constitute a misdemeanor of the third degree and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $2,500 and to undergo imprisonment *for not less than six months*." 75 Pa.C.S.A. § 1543(b)(1)(iii) (emphasis added).

However, Appellant fails to acknowledge that this case involves sentencing on a third-degree misdemeanor while the defendants in **Eid** and **Jackson** were sentenced on summary offenses. This distinction is important because the Vehicle Code specifically provides that the Crimes Code's provisions regarding fines and imprisonment are not applicable to summary

convictions under the Vehicle Code. 75 Pa.C.S.A. 6502(c) ("Title 18 (relating to crimes and offenses), insofar as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title").

In comparison, there is no equivalent statutory provision that prohibits the application of the Crimes Code to *misdemeanor* convictions under the Vehicle Code. Therefore, Appellant's third-degree misdemeanor conviction under Section 1543(b)(1)(iii) is governed by Crimes Code's provisions that limit the maximum sentence for third-degree misdemeanors to be one year imprisonment. 18 Pa.C.S.A. § 106(b)(8); 18 Pa.C.S.A. § 1104(3). As a result, unlike in **Eid** and **Jackson**, the trial court in this case was not compelled to speculate as to the maximum sentence of incarceration when sentencing Appellant for a violation of Section 1543(b)(1)(iii).

Accordingly, we reject Appellant's claim that Section 1543(b)(1)(iii) is unconstitutionally vague and we affirm the judgment of sentence.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2023

---

[3] We acknowledge that this Court previously rejected an identical challenge to the constitutionality of Section 1543(b)(1)(iii) in **Commonwealth v. Rollins**, 161 EDA 2021 (Pa.Super. December 21, 2021) (unpublished memorandum), *appeal granted*, 27 MAL 2022 (Pa. 2022). Our Supreme Court has granted Rollins's petition for allowance of appeal in that case and the appeal is currently pending.