J-S22020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EILEEN JULIE DOUGHERTY | : | No. 806 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 1, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000599-2021

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                              **FILED: JULY 18, 2025**

The Commonwealth appeals from the trial court's "corrective sentencing order"[1] entered after this Court vacated the initial judgment of sentence imposed upon Eileen Julie Dougherty ("Appellee") and remanded for resentencing.  Since the trial court was without jurisdiction to act before the record was remitted from this Court, and further erred in ordering a new sentence without holding a hearing, we vacate and remand for imposition of a new judgment of sentence at a hearing.

The underlying facts are as follows.  On March 3, 2021, while she was serving a sentence of house arrest for convictions of two counts of harassing

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Trial Court Opinion, 7/31/24, at 4.

a care-dependent person, Appellee stabbed her domestic partner, George Shencavitz, resulting in his death. The Commonwealth charged her with murder of the first and third degrees, along with other offenses. Ultimately, she entered an open guilty plea to third-degree murder and the Commonwealth *nolle prossed* the remaining counts.

The court ordered a presentence investigation ("PSI"), and a corresponding report was prepared on January 17, 2023. The trial court thereafter scheduled  a sentencing hearing for Monday, February 27, 2023. On the day of the hearing, Appellee filed a sentencing memorandum. The trial court summarized that document as follows:

> The memorandum, seeking a mitigated range sentence, reiterated and expanded upon Appellee's version of events leading to the victim's untimely death, as indicated in her PSI report. It also included attachments apparently submitted in support of her assertions:  (A) a copy of the petition to obtain a protection from abuse order against the victim and executed by his ex-spouse, Angela Shencavitz; (B) copies of text messages with Jenny Erickson, in which the victim made disparaging remarks about his ex-wife; (C) copies of text messages with Mary Fitzpatrick, in which the victim made disparaging remarks about his ex-wife; (D) a photograph purportedly of the victim choking Appellee during a sex act, which was sealed due to its graphic nature; (E) text messages between the victim and Nina Huskic, his alleged paramour; and (F) two reports from Lackawanna County House Arrest indicating that Appellee requested a transfer due to a developing domestic situation at approximately 9:00 p.m. and 9:20 p.m. on March 3, 2021.

***Commonwealth v. Dougherty***, 317 A.3d 624, 2024 WL 1270567, at *1 (Pa.Super. 2024) (non-precedential decision) (quoting Trial Court Opinion, 7/5/23, at 4-5 (cleaned up)).

The Commonwealth, noting that it had just received the document that morning, objected to the exhibits, asserting that they were irrelevant and improperly introduced for the first time at sentencing. **See** N.T. Sentencing, 2/27/23, at 2. Appellee asserted that the Commonwealth was served with the memorandum on the previous Friday afternoon and that the exhibits were documents of which the Commonwealth was aware because it provided them to the defense in discovery. **Id**. at 3-4. The Commonwealth countered with the argument that the "Rules of Evidence still apply." **Id**. The trial court, acknowledging that it had received the memorandum by email, overruled the objection and indicated: "I reviewed that document and considered it as part of the sentence I'm going to give because I do think there was relevant evidence in there regarding at least my review of the record and the comments that I'm going to make as I'm giving [Appellee] her sentence."[2] **Id**. at 3.

The Commonwealth proceeded to offer testimony and letters from members of the victim's family about the impact that the loss of Mr. Shencavitz had on them and his children. Appellee's counsel offered no witnesses, but presented argument, founded upon the information in the sentencing memorandum, that the totality of the circumstances and

---

[2] We assume that, despite this phrasing, the trial court had not decided upon Appellee's sentence before the parties had an opportunity to be heard and present evidence at the sentencing hearing. **See Commonwealth v. Luketic**, 162 A.3d 1149, 1162 (Pa.Super. 2017) (explaining that predetermination of a sentence violates sentencing norms and renders the right to allocution illusory).

- 3 -

tumultuous nature of the relationship warranted a mitigated sentence.[3]  In the end, the court announced a sentence in the mitigated range of the sentencing guidelines thusly:

> So based upon my review of the [PSI report], all the facts and circumstances surrounding this case, it will be the sentence of th[e trial c]ourt that [Appellee] be sentenced to a term of incarceration for a period of seven and a half to fifteen years, followed by ten years [of] probation.  Pay the cost of prosecution.  I want you to get a complete mental health assessment and abide by all the recommendations.  This sentence shall run concurrent to the probationary term of eight years and one month that you are currently serving.

*Id*. at 56-57.  This Court explained as follows as to the written sentencing orders:

> [T]wo written orders appear in the record—one order that includes handwriting from the trial judge (the handwritten order), and one typewritten order that was produced by the Common Pleas Case Management System (the typewritten order).  The handwritten order is entitled "Sentencing Order" with handwritten notations from the trial judge, and it was signed by the trial judge.  Although the handwritten order indicated that Appellee's sentences were to be served consecutively, the trial judge also circled the word "concurrent" and wrote "with Appellee's other sentence" after referencing Appellee's probation sentence in the instant case.
>
> However, the typewritten order indicates that all of Appellee's sentences are to be served consecutively.

*Dougherty*, 2024 WL 1270567, at *4 (cleaned up).

Appellee and the Commonwealth each filed a post-sentence motion, both of which the trial court denied.  The Commonwealth appealed,

---

[3] Appellee declined to exercise her right to allocution.

challenging the trial court's reliance upon the documents affixed to Appellee's sentencing memorandum, the discretionary aspects of the sentence, and the legality of the imposition of the instant sentence concurrent with the probationary term of her other sentence. This Court ruled that the irreconcilable discrepancies between the written orders presented "a patent and obvious error in the record" that required us "to vacate Appellee's judgment of sentence and remand for resentencing in order for the trial court to enter clarify [*sic*] its intent in imposing a judgment of sentence." **Id**. We further explained that, "[b]ecause our disposition vacates Appellee's judgment of sentence and remands to the trial court for re-sentencing, we do not reach the Commonwealth's issues challenging the discretionary aspects of Appellee's sentence." **Id**. at *4 n.2.

> Thereafter:
>
> [O]n April 24, 2024, th[e trial] court conducted a conference with counsel for the Commonwealth and Appellee to indicate its intention to re-impose the same sentence administered on February 27, 2023[,] with clarification as to the above-described discrepancy and with the understanding that the Commonwealth could again pursue its appeal of the remaining issues challenging the discretionary aspects of th[e] court's sentencing. At this conference, counsel for Appellee consented to re-sentencing occurring via court order. The Commonwealth objected but did not indicate any intent to present additional evidence. The court issued its corrective sentencing order [on] May 1, 2024, and the Commonwealth appealed.

Trial Court Opinion, 7/31/24, at 3-4. The court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) statement, and the Commonwealth timely complied. The court relied upon its previous Rule 1925(a) opinion to explain

its reasoning as to issues implicated in the prior appeal, but authored a new opinion to address the Commonwealth's novel complaint about the court entering a new sentencing order without holding a new sentencing hearing.

On August 29, 2024, this Court issued a rule directing the trial court and the parties to show cause why the May 1, 2024 sentencing order should not be vacated as a legal nullity because it was entered before the certified record was remitted to the trial court. **See** Order, 8/29/24, at 1 (citing, *inter alia*, **Commonwealth v. Harris**, 230 A.3d 1124, 1127 (Pa. Super. 2020); **Commonwealth v. Salley**, 957 A.2d 320, 325 (Pa. Super. 2008)).

The trial court submitted a response in which it distinguished **Harris** and **Salley** and asserted that the issue was governed instead by cases such as **Commonwealth v. Lawrence**, 291 A.3d 912 (Pa.Super. 2023), in which this Court recognized the inherent authority of a trial court to correct a patent mistake despite the pendency of an appeal.[4] **See** Statement Pursuant to Superior Court Order, 9/9/24, at 2-4. By order of February 14, 2025, this Court deferred the issue to the panel deciding the merits of the appeal, advising the parties to be prepared to address the matter in their briefs, which they did.

The Commonwealth presents the following issues for our consideration:

---

[4] The parties also filed responses to this Court's Rule, with Appellee agreeing with the trial court and the Commonwealth advocating for a finding that the appealed-from order was a nullity entered when the trial court did not have jurisdiction.

1.    Whether the trial court committed an error of law when, after the original judgment of sentence was vacated, it resentenced Appell[ee] prior to the time the Superior Court remanded the record to it, so that the trial court lacked the jurisdiction to issue a sentencing order.

2.    Whether the trial court abused its discretion and committed an error of law when it resentenced Appell[ee] by simply issuing an order without a hearing over the Commonwealth's objection and without reassessing the penalty to be imposed, despite the fact that the Superior Court vacated the original judgment of sentence rendering that sentence a legal nullity.

3.    Whether the trial court abused its discretion or committed an error of law in relying on [Appellee]'s sentencing memorandum which contained allegations that had no basis in the record and were unauthenticated, unsubstantiated, irrelevant to the sentence, and inadmissible, and which the Commonwealth had no opportunity to challenge.

Commonwealth's brief at 5 (some articles omitted).

We begin by addressing together the Commonwealth's contentions that the May 1, 2024 sentencing order was improperly entered without holding a hearing and is a legal nullity because the trial court entered it at a time that it lacked jurisdiction over the case. The scope of resentencing and the jurisdiction of the court are questions of law subject to *de novo*, plenary review. **See Commonwealth v. Wilson**, 934 A.2d 1191, 1196 (Pa. 2007) (resentencing); **Commonwealth v. Holmes**, 933 A.2d 57, 65 (Pa. 2007) (jurisdiction).

A trial court may modify an order within thirty days of its entry if no appeal is filed. **See** 42 Pa.C.S. § 5505. However, once an appeal is taken, the trial court generally may not proceed further in the matter. **See** Pa.R.A.P.

1701(a). It is well-settled that "under Appellate Rules 1701 and 2572, a trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed." **Harris**, 230 A.3d at 1127. **See also Salley**, 957 A.2d at 325 (holding resentencing order was a legal nullity where the trial court conducted the resentencing ordered by this Court before the certified record had been remanded to the trial court).

Nonetheless, it is also recognized that a court has the inherent authority to correct patent errors that are obviously incompatible with settled law or the record, beyond thirty days, and even when an appeal is pending. **See Holmes**, 933 A.2d at 67; Pa.R.A.P. 1701(b)(1). For example, we held in **Lawrence** that the trial court was permitted to amend its sentencing order after an appeal was taken, but before this Court entertained its merits, to reflect that the defendant's probationary sentence followed the term of incarceration instead of the other way around. **See Lawrence**, 291 A.3d at 914. **See also Commonwealth v. Moran**, 823 A.2d 923, 925 (Pa.Super. 2003) (ruling that an amended sentencing order filed during pendency of the appeal clarifying an ambiguity was valid and rendered moot the appellant's claim that the order was ambiguous).[5]

---

[5] **But see Commonwealth v. Borrin**, 80 A.3d 1219, 1229 (Pa. 2013) (holding order open to multiple interpretations as to the concurrent or consecutive nature of multiple sentences did not present a patent, obvious error that the court had the power to correct years after its entry).

Contrary to the assertions of the trial court and Appellee, we perceive that the case *sub judice* is not analogous to **Lawrence** or cases like it in which the trial court *sua sponte* corrected a sentencing order before this Court ruled upon the merits of the pending appeal. Rather, the trial court purported to "correct" the sentencing order **after this Court had vacated it**.

Our Supreme Court has explained that "[t]he term 'vacate' means 'To nullify or cancel; make void; invalidate <the court vacated the judgment>. Cf. OVERRULE.'" **Wilson**, 934 A.2d at 1196 (citation omitted). Thus, vacating a sentence renders it a legal nullity. **Id**. When this court remands for resentencing, rather than with instructions for the court to correct the issue that caused the original sentence to be vacated, the case is placed back at square one, where "the sentencing judge should start afresh" with a new sentencing hearing. **See Commonwealth v. Losch**, 535 A.2d 115, 121 (Pa.Super. 1987) (cleaned up).

In this vein:

> Reimposing a judgment of sentence should not be a mechanical exercise. Given the important nature of the interests involved, the judge at the second sentencing hearing should reassess the penalty to be imposed on the defendant—especially where defense counsel comes forward with relevant evidence which was not previously available.[6] Thus, a defendant's conduct since the prior sentencing hearing is relevant at resentencing. The

---

[6] Although the trial court noted that Appellee consented to its chosen resentencing procedure and that the Commonwealth did not identify any additional evidence it wished to submit, the law quoted above indicates that the fresh reassessment should take place **especially** when there is new evidence, not **only** when new evidence is available.

sentencing judge must take note of this new evidence and reevaluate whether the jail term which a defendant received is a just and appropriate punishment.

*Commonwealth v. Morgan*, 258 A.3d 1147, 1158 (Pa.Super. 2021) (cleaned up).

Given this state of the law, we conclude that the trial court lacked jurisdiction to resentence Appellee after we vacated her judgment of sentence and remanded for resentencing, but before the certified record was returned to the trial court, by entering a corrected sentencing order rather than conducting a full resentencing hearing. The May 1, 2024 sentencing order is therefore a nullity. *See Salley*, 957 A.2d at 325 ("The judgment of sentence entered by the trial court [before the record had been remanded to it] constituted a legal nullity."). Consequently, we vacate it and remand for the imposition of a judgment of sentence at the conclusion of a resentencing hearing held after the court receives the record from this Court. *Id*. ("We, thus, vacate the judgment of sentence imposed and again remand for resentencing, subsequent to remand of the record.").

As a result of our ruling, the Commonwealth's remaining issue challenging the propriety of the court's reliance upon the information appended to Appellee's sentencing memorandum in fashioning her sentence is moot. Now that it has had ample notice of the evidence about which it complains, the Commonwealth will have a full and fair opportunity at the resentencing hearing to make specific objections to its admissibility and to

"dispute its accuracy." ***See Commonwealth v. Goodco Mech., Inc.***, 291 A.3d 378, 410 (Pa.Super. 2023). Should it be dissatisfied with the trial court's rulings, it may seek further review.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/18/2025