J-A04014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS M. LISOWSKI | : | |
| | : | |
| Appellant | : | No. 385 MDA 2025 |

Appeal from the PCRA Order Entered January 17, 2025
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000412-2023

BEFORE: PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: MARCH 23, 2026**

Thomas M. Lisowski appeals *pro se*[1] from the order entered in the Lackawanna County Court of Common Pleas on January 17, 2025, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On January 4, 2024, Lisowski pled guilty to one count each of criminal trespass and recklessly endangering another person ("REAP").[2] In exchange for his plea, the Commonwealth *nolle prossed* the remaining charges pending

---

[1] Lisowski has represented himself *pro se* throughout the entirety of these proceedings, after waiving his right to counsel pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) at various points, including prior to the plea hearing and prior to the instant appeal. Standby counsel was present for the plea hearing.

[2] 18 Pa.C.S.A. § 3503(a)(1)(ii), 18 Pa.C.S.A. § 2705, respectively.

against him. Sentencing was deferred for preparation of a presentence investigation report.

On January 18, 2024, the trial court sentenced Lisowski to 12 to 42 months' incarceration for criminal trespass, plus a consecutive term of 9 to 18 months' incarceration for REAP, for an aggregate sentence of 18 to 60 months' incarceration. Lisowski filed a timely motion for sentence modification or correction, in which he asked the court to clarify that his sentences under the instant docket would be run concurrent with a sentence he was serving in Wyoming County. The court denied the motion.

In February 2024, the Pennsylvania Department of Corrections ("DOC") wrote a letter to the court, similarly seeking clarification as to whether the sentences in this case were to run consecutively or concurrently to the Wyoming County sentence of 1 to 2 years' incarceration. The DOC requested a new sentencing order with this clarification.

On February 22, 2024, the trial court issued a corrected sentencing order, indicating that the sentences in this case were to run consecutively to the Wyoming County sentence.

On August 23, 2024, Lisowski filed a *pro se* PCRA petition, in which he argued the court abused its discretion by modifying his sentence after the 30 day time-limit for modification pursuant to 42 Pa.C.S.A. § 5505 and that the Commonwealth failed to timely seek modification of the sentence.

Following an answer from the Commonwealth, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.C.P. 907. In response, Lisowski filed a motion for a PCRA hearing. On January 17, 2025, the trial court dismissed the PCRA petition. Lisowski filed a notice of appeal on March 4, 2025.

As a prefatory matter, we must address our jurisdiction to entertain this appeal because an untimely appeal divests this Court of jurisdiction to entertain the appeal. **See Commonwealth v. Edrington**, 780 A.2d 721, 725 (Pa. Super. 2001). We may address questions of our jurisdiction *sua sponte*. **See id.**

Generally speaking, Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "An order … denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. "[T]he notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). As such, "[t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted); **see also** Pa.R.A.P. 105(b) ("An appellate court ... may not enlarge the time for filing a notice of appeal,

a petition for allowance of appeal, a petition for permission to appeal, a petition for review, or a petition for specialized review.").

"In a criminal case, the date of entry of an order [that triggers the appeal period] is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000).

A review of the docket shows that the docket entry for the January 17, 2025 PCRA dismissal order does not indicate service to *pro se* Lisowski. *See* Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented.); *see also Commonwealth v. Midgley*, 289 A.3d 1111, 1117 (Pa. Super. 2023) ("Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely.").

Here, not only does the docket not indicate service on Lisowski, there is ambiguity in the record as to what date the order actually was mailed to Lisowski. The clerk entered the order on the docket on January 17, 2025. However, the attached certified mail envelope reflects three different postmarks−January 23, 2025, February 3, 2025, and February 11, 2025. The envelopes bears a handwritten note that it was "[r]eceived on 02/18/25 from

S.C.I. Dallas." This note appears to have been written by Lisowski, as he indicates in his appellate brief that he did not receive the court's order until February 18, 2025.

As noted previously, the appeal period began on the date the clerk of courts furnished a copy of the order to Lisowski. Given the lack of indication in the docket of a date of service to Lisowski as a *pro se* appellant, as well as the ambiguity as to when Lisowski received the order, we construe the appeal as timely filed.

On appeal, Lisowski argues the trial court erred by modifying his judgment of sentence more than thirty days after the sentence was handed down, in violation of 42 Pa.C.S.A. § 5505. **See** Appellant's Brief, at 20.

Our standard of review is well settled. We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **See Commonwealth v. Faulk**, 21 A.3d 1196, 1199 (Pa. Super. 2011).

Rule 705 of the Pennsylvania Rules of Criminal Procedure provides that "[w]henever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is sentenced for another offense, *the judge shall state whether the sentences shall run concurrently or consecutively.*" Pa.R.Crim.P. 705 (emphasis added).

Under the instant docket, the court sentenced Lisowski to 12 to 42 months' incarceration for criminal trespass, to be served consecutive with a

term of 6 to 18 months' incarceration for REAP. *See* Sentencing Order, 1/18/24. Significantly, nowhere in the orders does the court mention the Wyoming County sentence, nor direct that the instant sentences be served either concurrent or consecutive to any other sentence for another offense.

A sentencing court may modify a sentencing order only in limited circumstances. "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. Generally, once the thirty-day period has passed, the trial court lacks jurisdiction to modify a sentencing order. *Commonwealth v. Quinlan*, 639 A.2d 1235, 1238 (Pa. Super. 1994).

Lisowski asks us to refer to *Commonwealth v. Borrin*, 12 A.3d 466 (Pa. Super. 2011), in which this Court held that "for a trial court to exercise its inherent authority and enter an order correcting a defendant's written sentence to conform with the terms of the sentencing hearing, the trial court's intention to impose a certain sentence must be obvious on the face of the sentencing transcript." *Id.* at 473. "Stated differently, only when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing can there be a 'clear clerical error' on the face of the record, and the sentencing order subject to later correction." *Id*; *see also Commonwealth v. Borrin,* 80 A.3d 1219, 1227 (Pa. 2013) (our Supreme Court noting a trial

court retains jurisdiction to correct "errors in its records or orders so they speak the truth, and thereby reflect what actually took place in judicial proceedings.").

We do not find **Borrin** is applicable to the case at hand. There has been no assertion of a clerical error here. The court here was not attempting to speak truth to or reflect what actually took place during the sentencing proceedings. Instead, a review of the record shows that both the sentencing proceedings and the original sentence order were entirely silent as to the Wyoming County sentence. Accordingly, there was no ambiguity to correct here, nor any intent to analyze.

While Lisowski disagrees, we find this case to be more analogous to the issue presented in **Commonwealth v. Moran**, 823 A.2d 923 (Pa. Super. 2003). In **Moran,** the trial court sentenced the appellant to a lengthy term of imprisonment. In its sentencing order, the trial court stated that counts 2, 5, and 9 were consecutive to count 1, but it did not state whether the sentences for counts 2, 5, and 9 were consecutive to each other. While a direct appeal was pending, the trial court *sua sponte* amended its sentencing order to clarify that "[c]ount 2 is to run consecutive to [c]ount 1, [c]ount 5 is to run consecutive to [c]ount 2, and [c]ount 9 is to run consecutive to [c]ount 5." **Moran**, 823 A.2d at 925.

On appeal, the appellant argued the trial court lacked jurisdiction to modify *sua sponte* its original sentencing order, more than thirty days later

while his appeal was pending. We disagreed. We acknowledged that under Section 5505, a trial court may modify a final, appealable order within 30 days after its entry if no appeal from the order has been taken. *See id.* We, however, noted that in limited circumstances, a trial court may be excused from the requirements of Section 5505 to "correct a patent or obvious mistake or to supply defects or omissions in the record." *Id.; see also Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007) (noting Section 5505 "was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments, and decrees"). We explained that under Rule 705, relating to imposition of sentence, the trial court's failure to specify in its original sentencing order whether sentences were concurrent or consecutive was a patent error. Based on Rule 705, we concluded that the trial court's modification of the original sentencing order was not improper. *See Moran*, 823 A.2d at 925.

Similarly, here, the trial court's failure to comply with Rule 705 was a patent error. Rule 705 does not contain a presumption that multiple sentences run concurrently unless stated otherwise by the sentencing judge. *See id.* Instead, under Rule 705, the trial court was required to specify whether the sentence was concurrent with or consecutive to the Wyoming County sentence. Accordingly, the trial court's correction of the original sentencing order did not violate the thirty-day limit under Section 5505, because courts

have inherent jurisdictional power to correct patent errors in sentencing orders.

In sum, the trial court had jurisdiction to correct the original sentencing order more than thirty days later to indicate that the sentences set forth were consecutive to the Wyoming County sentence. Accordingly, the PCRA court did not err in dismissing Lisowski's PCRA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/23/2026